IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER OLIVER KARELIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | NO. 21-1672 |
| Commissioner of Social Security[1] | : | |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                            December  9, 2022

      On September 23, 2022, I issued a Memorandum and Order affirming the decision of Defendant denying Plaintiff's claim for disability insurance benefits ("DIB"), and entered judgment denying Plaintiff relief.  Docs. 19 & 20.  Plaintiff has filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), to correct a clear error of law and to prevent manifest injustice.  Doc. 21 at 2.[2]  Defendant has responded with an uncontested motion for remand, asking the court to remand the case because Defendant discovered that the Administrative Law Judge ("ALJ") "applied the incorrect date last insured [("DLI")] in her decision," and "further evaluation is warranted

---

    [1]Kilolo Kijakazi is currently the Acting Commissioner of Social Security, <u>see</u> https://www.ssa.gov/agency/commissioner/ (last visited Sept. 14, 2022), and should be substituted for Andrew Saul as the defendant in this action.  Fed. R. Civ. P. 25(d).  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  [do we need this footnote since we made this correction in the original memo & order?]

    [2]Plaintiff filed his motion within the time limit set by Rule 59.  F.R.C.P. 59(e) (allowing 28 days for motion to alter or amend judgment).

through the correct [DLI]." Doc. 22 ¶¶ 4-5.[3]  I held oral argument on the motions on December 9, 2022.

"The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  "A proper Rule 59(e) motion therefore must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or to prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Here, Plaintiff has sought reconsideration to correct a clear error of law and to prevent manifest injustice, unrelated to the DLI.  Doc. 21 at 2.  In the interim, Defendant determined that there has been an error of fact regarding the DLI, requiring remand.  The DLI is a critical determination in DIB cases because eligibility for DIB requires Plaintiff to establish disability prior to the expiration of his insured status.  20 C.F.R. § 404.131(b).[4]  Reliance on a later DLI extends the relevant period and allows for

---

[3] The ALJ found that Plaintiff's DLI was September 30, 2018. Tr. at 17.

[4] The date utilized by the ALJ, September 30, 2018, appears as the DLI in multiple forms utilized by the Social Security Administration and contained in the administrative record.  See, e.g., tr. at 75 (Disability Determination and Transmittal), 76 (Disability Determination Explanation-Reconsideration), 83 (Disability Determination and Transmittal), 221 (Field Office Disability Report).  In their original briefing neither Plaintiff nor Defendant recognized any error in the DLI relied on by the ALJ.  See Doc. 10 at 2 (Plaintiff's Brief referencing 9/30/18 DLI), Doc. 16 at 19, 27 (Defendant's Brief referencing 9/30/18 DLI); see also Doc. 21 at 3 (Plaintiff's motion to alter or amend judgment referencing 9/30/18 DLI).

consideration of records for treatment received after September 30, 2018, which may alter the disability determination. During oral argument, defense counsel explained that the Certified Earnings Record run just prior to the ALJ hearing contained additional self-employment earnings, that, although they did not amount to substantial gainful activity, did add quarters of coverage for purposes of calculating the DLI, and directed the court's attention to the Certified Earnings Record which reflected a corrected DLI of March 2023. Tr. at 198.[5] Under the circumstances, both counsel agreed that remand for further development of the record and a new administrative hearing is appropriate, at which the case will be considered de novo utilizing the correct DLI.[6] Therefore, I will grant Plaintiff's Motion to Alter or Amend the Judgment only to the extent that the Judgment is vacated, and I will grant Defendant's uncontested motion for remand.

    An appropriate Order follows.

---

[5] Defense counsel also explained that a Certified Earnings Record run more recently extended the DLI even further based on additional self-employment earnings. On remand, the ALJ will apply the correct DLI based on then-current earnings data.

[6] Defense counsel confirmed at oral argument that the ALJ will undertake de novo review of Plaintiff's application.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER OLIVER KARELIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | NO. 21-1672 |
| Commissioner of Social Security | : | |

## **O R D E R**

AND NOW, this   9th   day of December 2022, upon consideration of the court's judgment in favor of Defendant (Doc. 20), Plaintiff's Motion to Alter or Amend Judgment (Doc. 21), and Defendant's Uncontested Motion to Remand (Doc. 22), the presentations by both counsel at oral argument, and for the reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED that (1) Plaintiff's Motion to Alter or Amend Judgment is GRANTED only to the extent that the Judgment entered on September 23, 2022, is VACATED, and (2) Defendant's Uncontested Motion for Remand is GRANTED, and the case is remanded for further proceedings pursuant to sentence four of section 405(g).

BY THE COURT:

/s/ Elizabeth T. Hey
ELIZABETH T. HEY, U.S.M.J.